## N. R. Jones, etc., *v.* Jeff Rice, etc.

**Mortgages—Foreclosure—Parties—Sale.**

Where in a foreclosure suit the mortgagor and the person in possession of the mortgaged land are made parties defendant, but the mortgagor was not served with process and failed to appear, the land of the person in possession can not be sold to pay the mortgagor's debt.

**Witnesses—Mortgagor—Foreclosure Proceeding.**

In a foreclosure proceeding the mortgagor is a competent witness to show that the mortgagee consented that the land might be sold and the proceeds applied to the benefit of the mortgagee.

### APPEAL FROM BATH CIRCUIT COURT.

April 15, 1873.

OPINION BY JUDGE PRYOR:

The petition in this case fails to disclose any cause of action as against either Scott or Jones. The substance of the original petition is, that Jones is in possession of a tract of land that Scott had mortgaged to Rice & Thompson to secure an indebtedness to them, they therefore asked that the mortgage be foreclosed and the land sold to pay the debt. The amount of the debt is not set forth or the mortgage filed, or a description of the land given, nor does the amended petition cure this defect. It is alleged in the amendment that Scott is indebted to Rice and Thompson in the sum of $———; as is evidenced by the proceedings in another suit made part of the amendment. Scott, who owes this debt, is not before the court, and if he had been his failure to take advantage of the defective pleadings by demurrer might have been urged as a waiver of the objection. Still we are inclined to the opinion that upon such a pleading with the service of a process on Scott a judgment by default could not have been rendered.

It is not pretended that Jones, against whom the judgment was rendered subjecting the land to the payment of the debt, owns

any part of it, and his land cannot be sold upon an alleged indebtedness by Scott to Rice and Thompson, when Scott, who is the real debtor, is not in court by service of process or otherwise.

Jones denies by his answer any indebtedness on the part of Scott and insists that the mortgage has been satisfied. This pleading, if Jones was substituted as the debtor, would make the petition good, but as the case now stands we cannot well see how the rights of these parties are to be determined and Scott declared by the judgment to owe this large sum of money when he is not before the court.

Scott must be heard and his liability ascertained and then Jones' land, if this debt of Scott is a lien upon it, may be sold. It is true that Scott, by a judgment rendered in a different suit, has been adjudged to pay the appellee a certain sum of money, but this judgment may have been satisfied. It is obvious, however, that Jones' land cannot be sold to pay Scott's debt unless the latter is before the court.

As this case must go back for trial it may be proper to add that the amount of the judgment in the suit of *Rice and Thompson v. Scott* cannot be questioned by Jones, as the parties were all before the court in that case and cannot now relitigate the matters of account between Rice and Thompson on the one side and Scott on the other.

Scott, however, was a competent witness in this case not to prove that the judgment against him was erroneous in the suit of *Thompson v. Rice,* but to show that these mortgagees had consented that the land should be sold by him to Jones, and to show that the proceeds of the Jones notes for the land had been applied to the benefit of the mortgagees.

On page 390 of the record is an answer of Jones, in which the above facts are alleged, and there is no reason why, when Scott's deposition was given, his statements with reference to these matters should have been excluded.

Either party should be allowed to amend their pleadings.

The judgment of the court below is *reversed* and the cause remanded for further proceedings consistent with this opinion.

Judge Peters not sitting.

*Simpson, Reid & Stone, for appellants.*

*Nesbitt & Gudgell, Young, for appellees.*